IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THOMAS J. MURRER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:24-cv-49 |

**DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO COMPEL ARBITRATION**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully submits this Memorandum of Law in support of its Motion to Stay Discovery, pending resolution of Wells Fargo's Motion to Compel Arbitration that is currently pending before this Court (ECF 23).

**BACKGROUND**

Plaintiff filed this putative class action complaint on January 24, 2024 and filed an Amended Complaint on February 28, 2024, seeking to assert claims against Wells Fargo arising from an alleged fraudster's access to, and subsequent transactions involving, Plaintiff's deposit and credit card accounts with Wells Fargo. Specifically, Plaintiff alleges that after speaking with a fraudster impersonating Wells Fargo over the phone, Plaintiff's deposit and credit card accounts incurred fraudulent transactions. Based on these allegations, Plaintiff alleges that Wells Fargo is responsible. *See* Amended Complaint at ECF 22.

On March 25, 2024, Wells Fargo filed a Motion to Compel Arbitration, or in the alternative, a Motion to Dismiss. (ECF 23, 25.) Briefing finished on the Motion to Compel Arbitration on

April 15, 2024. (ECF 31). This Court issued an Initial Scheduling Order on April 2, 2024, setting the initial pretrial conference for April 24, 2024. (ECF 27). In compliance with the Initial Scheduling Order, the parties conducted their initial Rule 26(f) conference via telephone on April 10, 2024, where they discussed a plan for potential discovery. At that conference, counsel for Wells Fargo noted that until a ruling on its pending Motion to Compel arbitration, there is a question as to jurisdiction such that discovery should not proceed prior to disposition of that pending motion. Counsel for Plaintiff did not agree to stay the case pending a ruling on Wells Fargo's Motion to Compel Arbitration and Wells Fargo's counsel indicated that Wells Fargo would file a motion seeking a stay. The parties concluded the meet and confer on that issue.

## **ARGUMENT**

This action should not proceed into discovery until a ruling on Wells Fargo's Motion to Compel Arbitration (ECF 23). For this action to proceed while Wells Fargo's Motion to Compel Arbitration is pending would require Wells Fargo to participate in discovery in a case over which the Court potentially does not have jurisdiction, in contravention of the strong federal policy favoring arbitration. If Wells Fargo's Motion to Compel arbitration is granted, this lawsuit will either be dismissed in its entirety or stayed pending resolution of Plaintiff's claims in arbitration. Accordingly, this Court should grant Wells Fargo's request for a stay of proceedings and deadlines, including discovery, pending resolution of its Motion to Compel Arbitration.

Courts routinely hold that the court must refrain from further action until arbitrability has been decided. *See, e.g.*, *Innotec LLC v. Visiontech Sales, Inc.*, No. 3:17CV00007, 2018 WL 3521181, at *4 (W.D. Va. July 20, 2018) (finding that motion to compel arbitration must be decided first, before any further action in the case); *Brown v. CMH Mfg.*, No. 2:13-31404, 2014 WL 2973349, at *2 (S.D. W. Va. July 2, 2014) (staying discovery and issuance of scheduling order

pending resolution of motion to compel arbitration, noting that "defendants will not be afforded the benefits of arbitration should discovery continue and they prevail on their motion to compel arbitration . . ."); *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 377-78 (5th Cir. 2016) ("A district court must consider an agreement to arbitrate as a 'threshold question'. . . . A court should address the arbitrability of the plaintiff's claim at the outset of the litigation"); *Jin v. Parsons Corp.*, 966 F.3d 821, 827 (D.C. Cir. 2020) (holding that the issue of arbitrability must be resolved first before resolving any other issues in the case, noting that the parties "are entitled to have the correct venue—court or arbitration—established at the outset"); *Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017) (noting that "after a motion to compel arbitration has been filed, the court must 'refrain from further action' until it determines arbitrability") (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)); *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 181 (S.D.N.Y. 2018) ("[J]urisdiction generally must precede merits").  Here, the Court should refrain from further action until Wells Fargo's pending motion to compel arbitration is decided, such that the appropriate jurisdiction has been determined.

## **CONCLUSION**

Therefore, this Court should grant Wells Fargo's request for a stay of proceedings and deadlines, including discovery, pending resolution of its Motion to Compel Arbitration.

Dated:  April 18, 2024                    Respectfully submitted,

                                          **MCGUIREWOODS LLP**

                                          <u>*/s/ Katherine E. Lehnen*</u>
                                          Katherine E. Lehnen (VSB No. 92357)
                                          Gateway Plaza
                                          800 East Canal Street
                                          Richmond, VA
                                          Telephone: (804) 775 1000
                                          Facsimile: (804) 775 1061
                                          Email: klehnen@mcguirewoods.com


                                          K. Issac deVyver (admitted *pro hac vice*)
                                          Jarrod D. Shaw (admitted *pro hac vice*)
                                          Karla L. Johnson (admitted *pro hac vice*)
                                          Tower Two-Sixty
                                          260 Forbes Avenue, Suite 1800
                                          Pittsburgh, PA 15222
                                          Telephone: (412) 667-6057
                                          Email: jshaw@mcguirewoods.com
                                          Email: kdevyver@mcguirewoods.com
                                          Email: kjohnson@mcguirewoods.com

                                          *Attorneys for Defendant*
                                          *Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2024 I caused the foregoing document to be filed with the Clerk of the Court and served upon on all counsel of record via the Court's CM/ECF system.

*/s/ Katherine E. Lehnen*
Katherine E. Lehnen (VSB No. 92357)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA
Telephone: (804) 775 1000
Facsimile: (804) 775 1061
Email: klehnen@mcguirewoods.com

*Attorney for Defendant*
*Wells Fargo Bank, N.A.*